# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

GERALD L. TUCKER, ALSO KNOWN AS FRED LEE,

               Petitioner,

      v.

MR. DANIEL PARAMO, WARDEN,

             Respondent.

Case No. 1:14-CV-00071-AWI-SMS  HC

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S STATE LAW CLAIMS AS SUCCESSIVE; DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY; AND DIRECT THE CLERK TO CLOSE THE CASE.

(Doc. 1)

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is the petition, which was filed on December 30, 2013, and transferred to this Court from the Sacramento Division on May 1, 2014.

## I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

1

attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; *O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir.1990); *see also Hendricks v. Vasquez,* 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski v. Maass,* 915 F.2d at 420 (quoting *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  *Hendricks v. Vasquez,* 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; *see Herbst v. Cook,* 260 F.3d 1039, 1042–43 (9th Cir. 2001).  A petition for habeas corpus, however, should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson,* 440 F.2d 13, 14 (9th Cir. 1971).

**II.     Background**

Petitioner alleges that he is serving a life sentence imposed in 2002 in the Superior Court of the State of California, County of Tulare, for conviction of murder in violation of California Penal Code Section 187.  In the petition, Petitioner challenges his conviction alleging trial error, ineffective assistance of counsel, and insufficiency of the evidence to support conviction.

The present petition is not the first petition filed by Petitioner in which he has challenged this judgment.  The Court may take judicial notice of court records.  Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993); *Valerio v. Boise Cascade Corp.,* 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd,* 645 F.2d 699 (9th Cir. 1981).  The Court will take judicial notice of its own dockets.

In *Gerald L. Tucker v. Stuart Ryan, Warden,* No. 1:04-CV-05662-OWW-DLB-HC, on March 29, 2006, the Court denied on the merits Petitioner's petition for writ of habeas corpus challenging Petitioner's homicide conviction.  Petitioner filed an appeal, but on December 19, 2006, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability.  On September 23, 2013, Petitioner filed another petition for writ of habeas corpus. *See Tucker v. Brazelton*, No. 1:13-CV-01534-AWI, 2013 WL 5883766 (E.D. Cal. Oct. 30, 2013).  In that case, the Court denied Petitioner's petition as successive. *Id.*

## III.    Successive Petition

Because this petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Furman v. Wood,* 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground concerning the same judgment unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in the district

court.  *See Felker v. Turpin,* 518 U.S. 651, 656–57, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been characterized as jurisdictional.  *Burton v. Stewart,* 549 U.S. 147, 152, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected a claim, or determined that an underlying claim would not be considered by a federal court.  *McNabb v. Yates,* 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis,* 905 F.2d 1318, 1322 (9th Cir.1990)).  A dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the rule against successive petitions such that a further petition challenging the same conviction is "second or successive" for purposes of 28 U.S.C. § 2244(b).  *McNabb v. Yates,* 576 F.3d at 1029–30.  Such a dismissal is a permanent and incurable bar to federal review of the underlying claims.  *Id.* at 1030.

As Judge Ishii recently found, Petitioner's first petition concerning the Tulare County judgment (No. 1:04–CV–05662–OWW–DLB–HC, Doc. 45 at 5–15), was denied on the merits.  *See Tucker v. Brazelton*, No. 1:13-CV-01534-AWI, 2013 WL 5883766 (E.D. Cal. Oct. 30, 2013).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  On that basis, this Court has no jurisdiction to consider Petitioner's renewed application for relief from the conviction under Section 2254 and should dismiss the petition.  *See Felker v. Turpin,* 518 U.S. at 656–57, 116 S.Ct. 2333, 135 L.Ed.2d 827; *Burton v. Stewart,* 549 U.S. at 152, 127 S.Ct. 793, 166 L.Ed.2d 628; *Cooper v. Calderon,* 274 F.3d at 1274.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.

The Court concludes that dismissal is appropriate.

1

**IV.     Certificate of Appealability**

2
3
4       Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be
taken to the Court of Appeals from the final order in a habeas proceeding in which the detention
complained of arises out of process issued by a state court.  28 U.S .C. § 2253(c)(1)(A); *Miller–El v.*
5
6   *Cockrell,* 537 U.S. at 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).  A district court must issue or
deny a certificate of appealability when it enters a final order adverse to the applicant.  Habeas Rule
7   11(a).
8
9       A certificate of appealability may issue only if the applicant makes a substantial showing of
10  the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that
11  reasonable jurists could debate whether the petition should have been resolved in a different manner
12  or that the issues presented were adequate to deserve encouragement to proceed further.  *Miller–El v.*
13  *Cockrell,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146
14  L.Ed.2d 542 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would
15  find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right,
16  and (2) the district court was correct in any procedural ruling.  *Slack v. McDaniel,* 529 U.S. at 483–
17  84.
18
19      In determining this issue, a court conducts an overview of the claims in the habeas petition,
20  generally assesses their merits, and determines whether the resolution was debatable among jurists of
21  reason or wrong.  *Id.*  An applicant must show more than an absence of frivolity or the existence of
22  mere good faith; however, the applicant need not show that the appeal will succeed.  *Miller–El v.*
23  *Cockrell,* 537 U.S. at 338.
24
25      Here, reasonable jurists could not debate whether the petition should have been resolved in a
26  different manner.  Petitioner has not made a substantial showing of the denial of a constitutional
27  right.  Accordingly, a certificate of appealability should not issue.
28  ///

**V. Recommendations**

For all of these reasons, it is **RECOMMENDED** that:

1. Petitioner Gerald L. Tucker's petition (Clerk's Doc. No. 1) be **DISMISSED** as successive;

2. The Court **DECLINE** to issue a certificate of appealability; and

3. The Clerk be **DIRECTED** to close this action because dismissal will terminate the proceeding in its entirety.

These findings and recommendations are submitted to the Hon. Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 13, 2014**                          **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE